**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**C.R. ENGLAND, INC.**                                                                                                      **PLAINTIFF**

**V.**                                                                                      **CAUSE NO. 3:16-CV-850-CWR-FKB**

**HALLMARK COUNTY MUTUAL**                                                               **DEFENDANT**
**INSURANCE COMPANY**

**ORDER**

In state court proceedings, trucking company C.R. England secured a final judgment worth $73,762.52 against trucking company National Translink.[1] England subsequently sought payment from National Translink's insurer, Hallmark County Mutual Insurance Company, via garnishment. Hallmark removed the dispute here.

Now before the Court is England's motion for summary judgment. The familiar summary judgment standard applies, and there are no disputed material facts. *See* Fed. R. Civ. P. 56(a).

Hallmark contends that it has no duty to pay a final judgment rendered against its insured where the prevailing trucking company has its own insurance. It points to evidence that England "does not carry insurance for physical damages and business losses, rather it self-insures." It also points to evidence that England has cargo insurance, even though in this case the value of the lost cargo was less than the deductible—so again, England paid it out-of-pocket. The crux of Hallmark's argument is that England has no rights against it because England had insurance for cargo and self-insures against other risks.

---

[1] The dispute arose from the collision of two 18-wheeler rigs traveling east along Interstate 20 in Warren County, Mississippi. Fortunately, the only damage included damage to the trailer and cargo loss.

Hallmark relies upon Fifth Circuit precedent finding, in this narrow trucking insurance context, "no coverage for purposes of disputes *among insurers* over ultimate liability." *John Deere Ins. Co. v. Truckin' U.S.A.*, 122 F.3d 270, 275 (5th Cir. 1997) (emphasis added).

> The decisions of this court indicate that the policy embodied in the statutes and regulations was to assure that injured members of the public would be able to obtain judgments collectible against negligent authorized carriers. Our cases have held, however, that this policy has no application to coverage disputes among insurers.

*Canal Ins. Co. v. First Gen. Ins. Co.*, 889 F.2d 604, 611 (5th Cir. 1989), *modified on reh'g by* 901 F.2d 45 (5th Cir. 1990). "The purpose of section 10927 and regulations is to assure *to members of the public and shippers* that a certified carrier has independent financial responsibility . . . to pay for losses created by its carrier operations." *Id.* (brackets omitted).

The problem with Hallmark's argument is this: England is not an insurance company. This is not a dispute among insurers about who should contribute toward a final judgment. Rather, the injured party—England—is itself attempting to recover its losses from the tortfeasor's insurance company. Because England is the victim, not the victim's insurer, it is entitled to collect its final judgment from Hallmark. *See id.*

Hallmark presses that England is "akin" to an insurance company. It is true that England is (in part) self-insured, but that is just another way of saying that England carries no insurance for physical damages and business losses. And although England does have cargo insurance, it did not make a claim. England received no payout and no insurer has ever been in a position to seek recovery or contribution from Hallmark—scenarios in which Hallmark's argument might have carried it farther.[2] As it stands, though, Hallmark's protestations are unavailing.

---

[2] *But see Tri-Nat'l, Inc. v. Yelder*, 781 F.3d 408, 410 (8th Cir. 2015) (holding that "the federally mandated Motor Carrier Act (MCA) of 1980 MCS-90 endorsement for motor carriers requires a tortfeasor's insurer to compensate an injured party when the injured party has already been compensated by its own insurer"); *Glob. Hawk Ins. Co. v. Century-Nat'l Ins. Co.*, 203 Cal. App. 4th 1458, 1466 (2012) ("Any other interpretation—for instance, one which places the onus of insuring against accidents caused by interstate truckers on the accident victims—would defeat the

As this is the only reason Hallmark has advanced to avoid coverage, England's motion for summary judgment will be granted. A separate final judgment will issue this day.

**SO ORDERED**, this the 15th day of March, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

purpose of the regulations adopted to implement the FMCSA, which is to 'assure that injured members of the public would be able to obtain judgments collectible against negligent authorized carriers.'") (quoting *T.H.E. Ins. Co. v. Larsen Intermodal Servs., Inc.*, 242 F.3d 667, 672 (5th Cir. 2001)).

3